[No. 4069.]

## The Lamar Land and Canal Co. et al. v. The Belknap Savings Bank of Laconia, N. H.

1. Trust Deeds—Foreclosure Suits—Consolidation.

Where a foreclosure suit of a deed of trust was consolidated with another suit to foreclose a subsequent deed of trust over the objection of the trustee which was trustee in both deeds of trust, and where the record shows that the trustee was faithless to its trust and its presence was not essential to the validity of the proceeding and that before final decree was entered the beneficiaries were present in court and in sufficient numbers agreed to the foreclosure and also to the consolidation of the actions, the order of consolidation, although it ought not to have been made, was not prejudicial.

2. Mortgages—Subsequently Acquired Land.

Where a mortgage provided that property thereafter acquired by the mortgagor and during the life of the mortgage, should become subject to its provisions and be an additional security for the payment of the bonds, and a stockholder of mortgagor surrendered to the trustee part of his stock with which land was purchased in the name of mortgagor, the land so purchased became subject to the mortgage in preference to a subsequent mortgage made by the mortgagor's grantee which grantee acquired title to all of the first mortgagor's property by a deed specifically describing the after acquired land. And where in a foreclosure proceeding, no objections were made by the stockholder who surrendered the stock or any assignee of his claim, the second mortgagor cannot object that no title passed to first mortgagor because it did not advance the money to pay for the land.

3. Mortgages—Release of Part of Property—Water Rights.

Where a trust deed to lands, an irrigating canal and water rights, provided that water rights covered by the deed might be released by the trustee from its lien whenever and as they were sold at a specified price and the proceeds of the sale deposited with the trustee, to be applied to the payment of interest on the bonds, and to a sinking fund for the payment of the principal, and where the mortgagor transferred all of the property covered by the mortgage to another corporation which went into possession and enjoyment of the property, releases to water rights by the trustee to such grantee, even though they were made in consideration of money from time to time advanced by the grantee some of which went to the payment of interest on the bonds,

were not in compliance with the terms of the trust deed and were properly cancelled.

4. MORTGAGES—RELEASE.

Where a mortgage provides for the release therefrom of certain parts of the property upon certain conditions, releases can be made only in strict conformity with the terms of the mortgage

*Error to the District Court of Prowers County.*

Mr. C. H. BRIERLY, Mr. F. D. FULLER and Messrs. SCAMMON, MEAD & STUBENRAUCH for plaintiffs in error.

Messrs. HARKLESS, O'GRADY & CRYSLER and Mr. HARRIE M. HUMPHRIES for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This writ of error has been sued out of this court to review certain provisions of a final decree pronounced in an action brought to foreclose a trust deed or mortgage. Other parts of the same decree were before us in *Belknap Savings Bank v. The Lamar Land and Canal Co. et al., ante p.* 326 A general statement of the facts will be found in the opinion there, and only such additional facts are here given as are called for by the errors assigned in this branch of the case. The trust deed or mortgage in question was given to secure an issue of $100,000 first mortgage bonds. The instrument contained a clause providing that property thereafter acquired by the mortgagor, and during the life of the mortgage, should become subject to its provisions and be an additional security for the payment of the bonds; and also a clause that water rights covered by the mortgage might be released by the trustee from its lien whenever, and as, they were sold at a specified price, and the proceeds of the sale deposited with the trustee, to be applied to the payment of interest on the bonds and to a sinking fund for the payment of the principal.

After the mortgage was given, and while it was alive, title to other lands aggregating 1,740 acres was acquired by the Land Company. About a year after this time the Prowers County Land and Irrigation Company was incorporated, and title was acquired by it to all the property of the Land Company, not only that specifically described and included in the first mortgage, but also the 1,740 acres subsequently acquired, and the Irrigation Company issued a mortgage upon this property subject to the lien of the first mortgage to secure an issue of $300,000 of bonds. Afterwards the irrigating ditch and water rights which originally belonged to the Land Company, and which were included in its mortgage, and which subsequently were conveyed to the Irrigation Company and covered by its mortgage, were conveyed to the Lamar Land and Canal Company, and the latter company in turn, executed what is called a third mortgage upon its canal and water rights to secure an indebtedness of $30,000. All of these corporations were defendants in the action.

The trial court in its findings and decree held that the 1,740 acres of land subsequently acquired by the mortgagor Land Company passed under its mortgage and became and additional security for the payment of the first mortgage bonds, and it also held that releases of certain water rights, made from time to time by the trustee, were fraudulently made, and it canceled the same and decreed that they should remain as a portion of the mortgage security.

Before final decree was entered, the court, over the objection of the Kansas Loan and Trust Company and probably some other parties, consolidated this action with another action theretofore brought in the same court by the Kansas Loan and Trust Company against the Lamar Canal Company and others for the foreclosure of the third deed of trust. Others of the plaintiffs in error objected to the jurisdiction of the court to enter a decree of foreclosure ; and those who

were owners of bonds also objected to that portion of the decree which made the certificates issued by the receiver appointed in the present action a lien prior to that of the first mortgage bonds.

We are inclined to the view that the court should not have ordered a consolidation of the actions, but for several reasons the ruling was not prejudicial.  Nothing further was done in the former action after the consolidation.  The only party objecting to it was the Kansas Loan and Trust Company. But the record abundantly shows that its presence here is not essential to the validity of the proceedings; for not only was it a faithless trustee, but before final decree was entered its beneficiaries were present in court and in sufficient numbers agreed to the foreclosure of the trust deed, and also to the consolidation of the actions.  There is no person present before this court who is entitled to be heard in its, or his, objection to the order of consolidation.

The court was right, also, in decreeing that the subsequently acquired lands came within the provisions of the first mortgage, though the Irrigation Company insists that they come within its mortgage, known as the second one in order, free of the prior lien.  The facts are that the stockholders of the original Land Company becoming satisfied that their investments could not be made profitable without buying additional lands, one of them who held a large amount of stock surrendered a portion of it to the Kansas Loan and Trust Company, trustee under the first mortgage, which, it is claimed, purchased this land, and took title to the same in the Land Company.  It is now insisted by the Irrigation Company that, inasmuch as the Land Company did not advance the money for this land, its title thereto is not good. Just what benefit the Irrigation Company can get from this contention, we are at a loss to conceive.  Certainly, it did not advance the money, and was not even in existence until about a year after the land was purchased.  Mr. Bent, the

stockholder of the original company who surrendered his stock, from the proceeds of which the land was purchased, has not assigned his claim, if any he has, as the equitable owner, and is not here complaining of the ruling of the court, and no one else is entitled to be heard.

The provision in the trust deed for releasing water rights was not observed. Certainly, no sales were made, but it is claimed that from time to time money, some of which went for the payment of interest on the first mortgage bonds, was advanced by the Kansas Loan and Trust Company, which, in turn, received it from the Irrigation Company or the Canal Company, probably the former, and that subsequently releases of water rights by the trustee or Land Company were made to the Irrigation Company, as an equivalent in value to the amount of, or as consideration for, the advances. But if these companies did advance the money (about which there is much uncertainty) they being in possession of the property originally included within the first mortgage and getting its rents and profits, and holding, as they did. the lands subject to the provisions of the first mortgage, we must presume, in the absence of any contrary showing, which is lacking, that it was done for their own protection. It is altogether clear that at the time the releases were executed, no money passed either to the trustee or to the original mortgagor or to, or for the benefit of, the beneficiaries under the first trust deed; at all events, since releases could not be made except in strict conformity with the terms of the mortgage, and the evidence failing to show that these provisions were observed, we have no hesitation in affirming the ruling of the district court by which these releases were canceled.

The assignments of error by the bondholders upon the ground that the court erred in not subordinating the lien of the receiver's certificates to the lien of the first mortgage is good for the reasons given in our opinion in the Belknap case, *supra*,

It follows that the provisions of the decree relating to the subsequently acquired lands and the canceling of the releases of water rights are approved, and those pertaining to the receiver's certificates set aside, and the cause is remanded with instructions to the district court to modify its decree accordingly.   Parties to pay their own costs in this court.

*Modified and Remanded.*